IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTOR TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2003-WMC2,** | § § § § § § § § § § § § | Civil Action No. 3:21-cv-00163 |
| Plaintiff, | § § | |
| v. | § § | |
| **RUTH SANCHEZ CASLER, RANDALL KENNETH CASLER, AND JASON THOMAS CASLER** | § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Wells Fargo Bank, National Association, Successor by merger to Wells Fargo Bank Minnesota, National Association fka Norwest Bank Minnesota, National Association) as Trustee for Merrill Lynch Mortgage Investor Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2. ("Wells Fargo" or "Plaintiff") and files this its *Original Complaint* against Ruth Sanchez Casler, Randall Kenneth Casler and Jason Thomas Casler ("Defendants"), and would respectfully show the Court as follows:

### A. PARTIES, JURISDICTION AND VENUE

1. Wells Fargo is a national association and the trustee of a trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v.*

*Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Tr. v. ConAgra Foods, Inc.,* 136 S. Ct. 1012, 1016 (2016*)* (citing *Navarro*, 446 U.S. at 462–66). A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348). Wells Fargo's main office is in California; thus, Plaintiff is a citizen of California for diversity purposes.

2.   Thomas H. Casler ("Decedent") was an obligor under a loan agreement. Decedent died on or about April 18, 2005. Upon information and belief, no probate is open for Decedent's estate in the county where 5712 TY Cobb Place, El Paso, Texas 79934 (the "Property") is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3.   Defendant Ruth Sanchez Casler is an heir of the Decedent and an obligor under the subject loan. Ruth Sanchez Casler is a citizen of Texas and she may be served with process at 5890 Bandolero Dr., Apt. 2112, El Paso, Texas 79912, or at such other place where she may be found. Summons is requested.

4.   Defendant Randall Kenneth Casler is an heir and son of the Decedent. Randall Kenneth Casler is a citizen of Texas and he may be served with process at 1304 Cedar Oaks Dr., Cedar Park, Texas 78613, or at such other place where he may be found. Summons is requested.

5. Defendant Jason Thomas Casler is an heir and son of the Decedent. Jason Thomas Casler is a citizen of Colorado and he may be served with process at 7424 Waterside Drive, Colorado Springs, Colorado, 80925, or at such other place where he may be found. Summons is requested.

6. In this suit, Plaintiff seeks a declaratory judgment, statutory probate lien and foreclosure so it may enforce its security interest in the Property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *See Cf. Farkas v. GMAC Mort.,* LLC 737 F.3d. 338, 341 (5th Cir. 2013).

7. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

8. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. The El Paso County Appraisal District has valued the Property at $137,067.00 Therefore, the amount in controversy is more than $75,000.00.

9. Venue is proper in this district and division, the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## B. SUMMARY OF FACTS

10. On or about November 21, 2002, Decedent Thomas H. Casler and his wife Defendant Ruth Casler (as "Borrowers") executed that certain *Texas Home Equity Note* ("Note") in the principal amount of $40,450.00 in favor of WMC Mortgage Corporation ("WMC") at a rate of 8.500% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A.**

11. Concurrently with the execution of the Note, Borrowers executed that certain *Texas Home Equity Security Instrument* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting WMC a security interest in the Property commonly known 5712 TY Cobb Place, El Paso, Texas 79934 and more particularly described as follows:

> LOT 33, BLOCK 3, COOPERSTOWN SUBDIVISION, A SUBDIVISION IN THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 50, PAGE 36 &36A, PLAT RECORDS OF EL PASO COUNTY, TEXAS. (the "Property").

The Security Instrument was recorded in the Real Property Records of El Paso County, Texas under Instrument No. 20020096919. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B.**

12. The Loan Agreement was subsequently transferred from WMC to Wells Fargo as evidenced by the *Corporation Assignment of Deed of Trust* (the "Assignment") executed on January 8, 2021, and recorded in the Real Property Records of El Paso County, Texas under Document No. 20210006045. A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

13. Plaintiff is the current legal owner and holder of the Note. The Note is was specially endorsed by WMC to Wells Fargo. Plaintiff is also a mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

14. On or about April 18, 2005, Decedent Thomas H. Casler died. Upon information and belief, no probate was ever opened for Decedent. In accordance with Texas Estates Code sections 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon her death, subject to the Loan Agreement debt owed to Plaintiff.

15. Defendant had the use, benefit, and enjoyment of the Property. Further, Defendant has failed or refused to pay the debt evidenced by the Loan Agreement. The Loan Agreement is currently due for the February 1, 2021 payment and all subsequent monthly payments.

16. On April 21, 2021, a Notice of Default was sent via certified mail to 5712 TY Cobb Pl, El Paso, Texas 79934-2808 pursuant to the terms of the Loan Agreement. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**. The Notice of Default advised Borrowers that in order to cure the default, payment for the entire total amount past due, any amount becoming due in the interim must be received on or May 26, 2021 and that failure to cure the default would result in acceleration of the sums secured by the Security Instrument and sale of the Property. The default was not cured; therefore, the debt was accelerated on or about June 22, 2021, when a Notice of Acceleration of Loan Maturity was sent via certified mail to 5712 TY Cobb Pl, El Paso, Texas 79934-2808 pursuant to the terms of the Loan Agreement. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit E.**

17. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## C. CAUSE OF ACTION- ENFORCEMENT OF STATUTORY PROBATE LIEN

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

   a. TEX. ESTATES CODE § 101.001(b) and 101.051, which state in pertinent part:

   *"…the estate of a person who dies intestate vests immediately in the person's heirs at law…subject to the payment of, and is still liable for…the debts of decedent,"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

   *"A decedent's Property passes to his or his heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes,"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

20. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code section 101.001 and 101.051, Plaintiff has an enforceable and superior lien against Defendant's interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### D. CAUSE OF ACTION – DECLARATORY JUDGMENT

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through non-judicial foreclosure of the Property.

23. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Defendant's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrowers, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### E. NON-JUDICIAL FORECLOSURE

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court allowing it to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code section 51.002 with respect Defendant who acquired the Property subject to Decedent's debts.

### F. PUBLIC AUCTION

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code section 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Since no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce, as well as into the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### G. JUDICIAL FORECLOSURE

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

30. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the federal marshal, or sheriff or constable of the county where the Property is located directing the marshal, sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### H. TRESPASS TO TRY TITLE

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Concurrent with Plaintiff acquiring all of Defendant's right, title and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure, public auction, or judicial foreclosure, Plaintiff seeks a declaration and judgment that the Defendant is divested of all of his right, title, and interest in the Property and that all of Defendant right, title, and interest in the Property is vested in Plaintiff. Title as to both Plaintiff and Defendant is derived from a common source.

## I. ATTORNEY'S FEES

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorney's fees under the loan documents. TEX. CIV. PRAC. & REM. CODE sections 37.009 and 38.001. Attorney's fees are not sought as a personal judgment against Defendant, but only as an additional debt secured by the Security Instrument.

## PRAYER

For these reasons, Plaintiff requests that upon final hearing Defendant be cited to appear and answer, and, the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

b. A declaration from that due to breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public action; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and Plaintiff is vested with all of the right, title and interest to the Property;

c. Attorney fees and costs of suit; and

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District No. 21340
    mcronenwett@mwzmlaw.com

    **VIVIAN N. LOPEZ**
    Of Counsel
    State Bar No. PR-20818
    Southern District No. 3504182
    vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**